IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS BUSLER,<br><br>               *Plaintiff*,<br><br>    v.<br><br>PPB CAPITAL PARTNERS, LLC,<br><br>               *Defendant*. | **CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

I. **INTRODUCTION**

Plaintiff, Dennis Busler ("Plaintiff"), brings this action against Defendant, PPB Capital Partners, LLC ("Defendant"), for unlawful age discrimination in its failing to hire Plaintiff—a 59-year-old qualified candidate who applied for and interviewed for Defendant's posted Fund Operations Associate – Alternative Investments position in December 2023. After receiving glowing feedback from multiple interviewers and advancing through the interview process, Plaintiff was abruptly rejected and once Defendant learned of his age through a supplemental employment application requesting his graduation dates. Instead of hiring Plaintiff, Defendant selected a substantially younger, 27-year-old candidate for the position.

Defendant's discriminatory conduct toward Plaintiff is in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"). Plaintiff seeks all damages allowable under law, including back pay, front pay, compensatory, liquidated

1

damages, attorneys' fees and costs, and all other relief under applicable federal, state, and local laws that this Court deems appropriate.

## II.     PARTIES

1.     Plaintiff is an individual and resident of the Commonwealth of Pennsylvania, currently living in Croydon, Pennsylvania.

2.     Plaintiff was born in November 1964 and is currently sixty (61) years old.

3.     Plaintiff was fifty-nine (59) years of age at the time that Defendant failed to hire him into a position for which he applied, for which he was interviewed, and for which he was qualified.

4.     Defendant is a Delaware corporation with its principal place of business located at 300 Barr Harbor Drive, Conshohocken, Pennsylvania 19428.

5.     Defendant engages in an industry affecting interstate commerce that regularly does business in Pennsylvania and with entities and individuals in Pennsylvania.  Defendant also employs residents of Pennsylvania.

6.     If Defendant were to hire Plaintiff into the position for which he applied, for which he was interviewed, and for which he was qualified, Plaintiff would have been working at Defendant's Conshohocken, Pennsylvania location.

7.     At all times material hereto, Defendant employed twenty (20) or more employees.

8.     At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

9.     At all times material hereto, Defendant acted as an employer within the meaning of the statutes that form the basis of this matter.

**III.     JURISDICTION AND VENUE**

10. The causes of action that form the basis of this matter arise under the ADEA and the PHRA.

11. The District Court has jurisdiction over Count I (ADEA) pursuant to 28 U.S.C. § 1331.

12. The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1367.

13. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b), (c), and (d), since Defendant is subject to personal jurisdiction in this District Court, including but not limited to transacting business within this District, and a substantial part of the events or omissions giving rise to the claims occurred within this District.

14. On or about June 11, 2024, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of the acts of discrimination alleged herein. This Complaint of Discrimination was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as **Exhibit "1"** is a true and correct copy of Plaintiff's Complaint of Discrimination (with personal identifying information redacted).

15. On or about November 25, 2025, the EEOC issued Plaintiff a Notice of Right to Sue regarding his Complaint of Discrimination. Attached hereto, and marked as **Exhibit "2"**, is a true and correct copy of the Notice of Right to Sue (with personal identifying information redacted).

16. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

16. In late 2023, Plaintiff was actively searching for alternative employment in the Philadelphia region.

17. In early December 2023, Plaintiff applied for the posted Fund Operations Associate - Alternative Investments position at Defendant.

18. Plaintiff was qualified for the posted Fund Operations Associate – Alternative Investments position at Defendant.

19. At the time of his application, Plaintiff had seven (7) years of finance work experience, which included four (4) years of alternative investments work experience.

20. At the time of his application, Plaintiff held a CFA Institute Investment Foundations Certificate and a CAIA Fundamentals of Alternative Investments Certificate, and was a CFA Level I Candidate.

21. At the time of his application, Plaintiff also was enrolled in a Master of Business Administration in Finance from Temple University, Fox School of Business, which he had expected to complete by December 2024.

22. The Fund Operations Associate – Alternative Investments position reported to Alyssa Nefferdorf ("Nefferdorf") (44), Hiring Manager and Director, Fund Operations.

23. Nefferdorf reported to Ryan Stumpp ("Stumpp") (28), Senior Vice President, Fund Operations, and Stumpp reported to Amanda Bannon ("Bannon") (32), Chief Operating Officer.

24. On December 12, 2023, Plaintiff interviewed by virtual meeting with Christine Gevertz ("Gevertz"), Human Resources Director, for the Fund Operations Associate – Alternative Investments position.

25. On December 15, 2023, Plaintiff interviewed by virtual meeting with Nefferdorf for the Fund Operations Associate – Alternative Investments position.

26. During the above interview, Nefferdorf stated that Plaintiff was an excellent candidate, that Plaintiff met all the requirements that Defendant was looking for, and that she recommended that Plaintiff move forward in the interview process.

27. On December 21, 2023, Plaintiff interviewed by virtual meeting with Stumpp for the Fund Operations Associate – Alternative Investments position.

28. During the above interview, Stumpp stated that he agreed with Nefferdorf in that Plaintiff was a great fit for the position, that he did not see any reason how Plaintiff would not be able to handle the duties and excel in the position, and that he recommended that Plaintiff move forward in the hiring process.

29. On December 21, 2023, shortly after Plaintiff's interview with Stumpp, Gevertz sent Plaintiff an email to schedule him for an interview with Bannon for the Fund Operations Associate – Alternative Investments position, for December 27, 2023.

30. As part of the above email, Gevertz attached two (2) assessment documents and a supplemental application form for Plaintiff's completion.

31. On December 22, 2023, in an email to Gevertz, Plaintiff returned the three (3) completed documents and confirmed his interview with Bannon for December 27, 2023.

32. The supplemental application form contained, for the first time, Plaintiff's high school and college graduation dates, along with dates of Plaintiff's employment history, with which Defendant could calculate Plaintiff's age.

33. Plaintiff received no response to his above email.

34. On December 26, 2023, in an email to Gevertz, Plaintiff requested confirmation that she received his completed documents and asked what time he would meet with Bannon the next day for the interview.

35. On December 26, 2023, in a response email from Gevertz, she stated that she received Plaintiff's completed documents but that the interview with Bannon was not confirmed for the next day.

36. Gevertz further stated in her email to Plaintiff that she would be in contact with Plaintiff to reschedule.

37. On December 26, 2023, in a response email to Gevertz, Plaintiff stated that he would accommodate any time that Bannon was available for the interview.

38. Plaintiff did not receive any response to his above email.

39. On January 2, 2024, in an email to Gevertz, Plaintiff requested an update as to when he could expect to meet with Bannon for the interview.

40. Plaintiff did not receive any response to his above email.

41. On January 8, 2024, in an email to Gevertz, Plaintiff requested an update as to his application status and stated that he "remain[ed] enthusiastic about progressing in the interviewing process."

42. On January 12, 2024, in an email from Gevertz, Defendant failed to hire Plaintiff for the Fund Operations Associate – Alternative Investments position.

43. The stated reason was that Defendant had "made the decision to select another candidate that [Defendant felt] very closely matches the required skills and experience that [Defendant] need[ed] for this role."

44. Only after Plaintiff disclosed his high school and graduation dates, along with dates of his employment history, which reflected his age, did Defendant cease communicating with Plaintiff and interviewing him for the position for which he was qualified and had received positive feedback.

45. On January 12, 2024, in a response email to Gevertz, Plaintiff stated that not being hired for the Fund Operations Associate – Alternative Investments position was surprising and disheartening, given the positive interviews he had received from Nefferdorf and Stumpp.

46. In addition to the above, Plaintiff complained of age discrimination in connection with Defendant's failure to hire him.

47. Instead of selecting Plaintiff, Defendant hired Ryan Ferra (27), for the Fund Operations Associate – Alternative Investments position.

48. Plaintiff was more qualified for the position than the substantially younger employee who was hired instead of him.

49. Defendant failed to hire Plaintiff for the Fund Operations Associate – Alternative Investments position because of Plaintiff's age (59).

50. Plaintiff's age (59) was a determinative and motivating factor in connection with Defendant's failure to hire Plaintiff.

51. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

52. The conduct of Defendant, as set forth above, was willful under the circumstances and warrants the imposition of liquidated damages.

53. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

## COUNT I
### (VIOLATION OF THE ADEA)

54. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

55. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

56. Defendant's violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

57. As a direct and proximate result of Defendant's violations of the ADEA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

58. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

59. No previous application has been made for the relief requested herein.

## COUNT II
### (VIOLATION OF THE PHRA)

60. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

61. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the PHRA.

62. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

63. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

64. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

    a. declaring the acts and practices complained of herein to be in violation of the ADEA:

    b. declaring the acts and practices complained of herein to be in violation of the PHRA;

    c. enjoining and restraining permanently the violations alleged herein;

    d. entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

    e. awarding damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

    f. awarding compensatory damages to Plaintiff for past and future pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

    g. awarding liquidated damages to Plaintiff under the ADEA;

    h. awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees;

    i.    awarding Plaintiff other such damages as are appropriate under the statutes that form the basis of this matter; and

    j.    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Respectfully submitted,

**CONSOLE MATTIACCI LAW, LLC**

By:   */s/ Jonathan D. Gilman*
      JONATHAN D. GILMAN, ESQ.
      1525 Locust Street
      Philadelphia, PA 19102
      gilman@consolelaw.com (email)
      (215) 545-7676 (office)
      (215) 827-5101 (fax)

Dated: February 20, 2026        *Attorneys for Plaintiff*